**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (AH9361)
Christopher W. McClanahan, Esq. (CM6972)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### NEWARK

| | |
|---|---|
| ENMA V. TAVERAS-ACOSTA, | : Civil Action No. |
| | : Hon. _____ |
| Plaintiff, | : |
| | : _Civil Action_ |
| v. | : |
| | : **NOTICE OF REMOVAL OF A** |
| SAULEIDIS SUAREZ-CEBALLOS, 4 OVER | : **CIVIL ACTION** |
| INTERNATIONAL INC., | : |
| PLYMOUTH ROCK ASSURANCE, JOHN | : |
| DOE 1-10 (fictitiously named), | : |
| and ABC Co. 1-10 (fictitiously | : |
| named) | : |
| | : |
| | : |
| Defendants. | : |

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF NEW JERSEY:

    **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Sauleidis

Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)  (hereinafter

"Defendants"), by and through the undersigned attorneys, Wilson Elser Moskowitz Edelman &

Dicker, LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior

Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-5426-21, to the United

States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a-c), copies of which are attached hereto and made part hereof, respectfully shows:

1.      Plaintiff, Enma V. Taveras-Acosta (hereinafter, "Plaintiff"), filed a Complaint on August 13, 2021, (the "Complaint"), commencing a personal injury action in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-5426-21, entitled *Taveras-Acosta, v. Sauleidis Suarez-Ceballos, et al.*, (the "Action").  A true and correct copy of Plaintiff's Complaint is annexed hereto as **Exhibit A**.

2.      The Complaint named as defendants, Sauleidis Suarez-Ceballos, 4 Over International, LLC (i/p/a as 4 Over International, Inc.), and Plymouth Rock Assurance. (Exhibit A).

3.      The Action is alleged to arise out of a September 24, 2019 motor vehicle accident involving Plaintiff and Defendant Sauleidis Suarez-Ceballos, acting as an employee of Defendant 4 Over International, LLC (i/p/a as 4 Over International, Inc.), that caused Plaintiff to sustain "serious and permanent injuries" (Exhibit A).

4.      According to the Complaint, Plaintiff, Enma V. Taveras-Acosta, is a resident of the State of New Jersey (Exhibit A).

5.      Defendant, Plymouth Rock Assurance, is a Massachusetts corporation with principal places of business in Boston. Massachusetts and New Brunswick, New Jersey.

6.      Defendant, Sauleidis Suarez-Ceballos is an individual and a resident of the State of Florida.

7.      Defendant, 4 Over International, LLC (i/p/a as 4 Over International, Inc.) is a Florida Limited Liability Company with a principal place of business in Miami Gardens, Florida.

8.      An LLC is deemed a citizen of every state in which any member of the LLC is a citizen.

9.      Upon information and belief, no Member of 4 Over International, LLC is a citizen of the State of New Jersey

10.     Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

11.     Pursuant to 28 U.S.C. §1446(b)(3) states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12.     Pursuant to 28 U.S.C. §1446 (c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

13.     Originally, this matter was not removable, since Defendant, Plymouth Rock Assurance is considered a citizen of the State of New Jersey.

14.     The Complaint against Defendant, Plymouth Rock Assurance, was dismissed without prejudice on May 31, 2022.

15.     Defendants first received notice (through their counsel), on August 8, 2022, that the case against Defendant, Plymouth Rock Assurance, had been dismissed without prejudice on May 31, 2022, and that this case is one which had become removable.

16.     Defendant, Plymouth Rock Assurance, was dismissed with prejudice as of August 10, 2022.

17.     Defendants filed this Notice of Removal within thirty days of receiving notice that this case is one which had become filing this removable (28 U.S.C. §1446(b)(3)); and Defendants are filing this Notice of Removal within 1 year after commencement of the action (28 U.S.C. §1446 (c)).

18.     The Complaint as stated is deficient in that the pleaded entity, 4 Over International, Inc., has, upon information and belief, been dissolved for many years; accordingly, Defendant, 4 Over International, LLC, has yet to be properly served.

19.     Accordingly, this Notice of Removal is timely filed.

20.     Plaintiff alleges she sustained serious personal injuries, which are permanent in nature, "and has suffered great pain, shock, and mental anguish and was, and still is, incapacitated and will be permanently disabled, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment." (Exhibit A).

21.     Plaintiff's counsel has advised that the amount in controversy in this matter is in excess of $75,000.

22.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.

23.     Defendants have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, to perfect the removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b) and (c).  A true and exact copy of the Notice of Filing, without exhibits, filed with the Superior Court of New Jersey is annexed hereto as **Exhibit B**.

**WHEREFORE**, Defendants pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Bergen County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over
International, LLC (i/p/a as 4 Over International, Inc.)

By: /s/ Andrew J. Heck
        Andrew J. Heck. (AH9361)
        Andrew.Heck@wilsonelser.com

Dated: August 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), I caused the within Notice of Removal to be filed with the United States District Court on this date.

Clerk, United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

I further certify that a copy was sent via Electronic Filing to:

Clerk
New Jersey Superior Court
Bergen County Justice Center
10 Main St.
Hackensack, NJ 0760102

Marc. S. Borden, Esq.
Law Office of Brandon J. Broderick
65 East Route 4
River Edge, NJ 07661
Attorney for Plaintiff, Enma V. Taveras-Acosta

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over
International, LLC (i/p/a as 4 Over International, Inc.)

By: /s/ Andrew J. Heck
Andrew J. Heck. (AH9361)
Andrew.Heck@wilsonelser.com

Dated: August 12, 2022

EXHIBIT A

BRANDON J. BRODERICK, ESQ
ATTORNEY I.D.# 009462006
BRANDON J. BRODERICK, LLC
65 East Route 4, First Floor
River Edge, NJ  07661
Attorney for Plaintiff(s)
201-853-1505

| | |
|---|---|
| ENMA V. TAVERAS-ACOSTA, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
| Plaintiff(s), | |
| v. | DOCKET NO.   BER-L- |
| SAULEIDIS SUAREZ-CEBALLOS, 4 OVER INTERNATIONAL INC., PLYMOUTH ROCK ASSURANCE, JOHN DOE 1-10 (fictitiously named), and ABC Co. 1-10 (fictitiously named) | CIVIL ACTION |
| Defendant(s) | **COMPLAINT** <br> **and** <br> **JURY DEMAND** |

The Plaintiff, Enma V. Taveras-Acosta, residing at 617 Ridge Road in the Township of Lyndhurst, Bergen County, New Jersey, by way of Complaint against the Defendants, says:

## FIRST COUNT

1.    On or about the 24th day of September 2019, the Plaintiff, Enma V. Taveras-Acosta, was injured in a motor vehicle accident traveling on Webster Street at or near the intersection of Bloomfield Avenue in the City of Newark, Essex County, New Jersey.

2.    At the above time and place, the Defendant, Sauleidis Suarez-Ceballos, address presently unknown, was operating a motor vehicle with the permission and consent, expressed or implied or in capacity as agent, servant or employee of the owner Defendant, 4 Over International Inc., traveling on Webster Street at or near the intersection of Bloomfield Avenue in the City of Newark, Essex County, New Jersey.

3.    At the above time and place, the Defendants so carelessly, negligently and recklessly owned, operated, maintained and/or repaired said vehicle so as to cause a collision with Plaintiff.

4.    At the same time and place, the Defendants, John Doe 1-10 (fictitiously named) and ABC Co. 1-10 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly owned, operated, maintained and/or repaired said vehicle so as to cause the within collision.

5.   As a direct and proximate result of the foregoing, the Plaintiff, Enma V. Taveras-Acosta, was caused to sustain serious and permanent injuries, as more particularly defined and set forth in N.J.S.A. 39:6A-8(a) and has suffered great pain, shock, and mental anguish and was, and still is, incapacitated and will be permanently disabled, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment.

6.   Plaintiff has complied with all conditions precedent to suit.

**WHEREFORE**, the Plaintiff, Enma V. Taveras-Acosta, demands judgment for damages against the Defendants, Sauleidis Suarez-Ceballos, 4 Over International Inc., JOHN DOE 1-10 (fictitiously named), and ABC Co. 1-10 (fictitiously named), jointly and severally, together with interest and costs of suit.

**SECOND COUNT**

1.   Plaintiff repeats and reiterates each and every allegation contained in the First Count of the Complaint as if the same were fully set forth herein at length.

2.   Defendants negligently hired, trained, supervised, and/or managed its agents, servants and/or employees, which negligence was a proximate cause of plaintiff's injuries.

3.    Defendants,   through   their   agents,   servants   and/or employees contributed to plaintiff's injuries by failing to provide adequate security, failing to eliminate conditions that encourage criminal or other behavior that could foreseeably lead to bodily injury, and/or failed to warn of same.

**WHEREFORE,** Plaintiff, Enma V. Taveras-Acosta, demands judgment against   the   Defendants,   Sauleidis   Suarez-Ceballos,   4   Over International Inc., John Doe 1-10 (fictitiously named) and ABC Co. 1-10 (fictitiously named), jointly, severally or in the alternative, for damages, together with interest, costs of suit and attorney's fees.

## THIRD COUNT

1.    Plaintiff   repeats   and   reiterates   each   and   every allegation contained in the First Count of the Complaint as if the same were fully set forth herein at length.

2.    On or about the 24th day of September 2019, the Plaintiff, Enma V. Taveras-Acosta, was injured in a motor vehicle accident traveling   on   Webster   Street   at   or   near   the   intersection   of Bloomfield Avenue in the City of Newark, Essex County, New Jersey.

4

3.   Said injuries may have resulted from the negligence of uninsured vehicles, as defined as a vehicles with no insurance coverage or vehicles which were unidentified because they left the scene of the accident.

4.   The Defendant, Plymouth Rock Assurance, is and at all times material hereto was licensed and authorized to issue insurance contracts and/or policies in the State of New Jersey.

5.   Defendant, Plymouth Rock Assurance, has received proper written notice of the accident and the personal injuries sustained.

6.   Defendant, Plymouth Rock Assurance, has refused to pay or satisfy Plaintiff's claim for Uninsured Motorist Benefits to which she is entitled under the terms of the policy.

**WHEREFORE**, Plaintiff, Enma V. Taveras-Acosta, demands judgment against the Defendant, Plymouth Rock Assurance, for damages, interest, costs of suit and attorney's fees.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R.4:25-4, the Court is advised that Brandon J. Broderick, is hereby designated as trial counsel.

## JURY DEMAND

Plaintiff hereby demands a Trial by jury as to all issues herein.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to Uniform Interrogatories.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Demand is hereby made for the production of all documents referred to in the following Notice to Produce.

## NOTICE TO PRODUCE

Plaintiff hereby demands that all defendants provide the following documents:

1. All complete previous or current liability, catastrophe, umbrella or other insurance policies, including declarations sheets, which provide coverage to the Defendant(s) in this action;

2. Copies of any and all reports, letters, and statements from any expert regarding liability or damages in this matter;

3. Copies of any and all color photographs, drawings, or sketches regarding the accident scene or damage to the Defendant's vehicle and/or Plaintiff's vehicle;

4. Copies of any sketches, drawings, or diagrams of the accident scene;

5. Copies of all statements, summaries of statements, or notes or writings of any kind regarding statements made by any party to this action or any person having relevant knowledge pertaining to this action, INCLUDING THE STATEMENT OF THE DEFENDANT(S) TO THEIR INSURANCE CARRIER in accordance with Pfender v. Torres, 336 N.J. Super, 379 (App. Div. 2001);

6. Any motion picture or videotape regarding the accident scene or a re-enactment of the accident;

7. Copies of any statements that you intend to use as substantive evidence or to use as impeachment of any witness at trial;

8. Copies of all repair bills and estimates of damages to either the Plaintiff's or the Defendant's vehicle reflecting damage to same as a result of this accident;

9. Copies of any and all writings, including color photographs and sketches, you intend to introduce into evidence at trial;

10. Copies of all expert reports you intend to rely upon at trial, including copies of all IRS forms 1099 and W-2 reflecting payments made to said expert by defendant, defendant's attorney or defendant's insurer for services performed on behalf of defendants involved in litigation for 3 years prior to the date of any report prepared in connection with the above-captioned matter.

## TIME-UNIT ARGUMENT

Please take notice that pursuant to Rule 1:7-1, plaintiff reserves the right to use a time-unit argument with reference to unliquidated damages.

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.) an any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation, Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

BRANDON J. BRODERICK, LLC

_____
Brandon J. Broderick, Esq.
Attorney for Plaintiff

Dated:   July 26, 2021

# EXHIBIT B

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (11802012)
Christopher W. McClanahan (No. 42331996)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)

|  |  |
|---|---|
| ENMA V. TAVERAS-ACOSTA, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: BERGEN COUNTY<br>: DOCKET NO: BER-L-5426-21 |
| Plaintiff, | : |
| v. | : <u>Civil Action</u> |
|  | : |
| SAULEIDIS SUAREZ-CEBALLOS, 4 OVER<br>INTERNATIONAL INC.,<br>PLYMOUTH ROCK ASSURANCE, JOHN<br>DOE 1-10 (fictitiously named),<br>and ABC Co. 1-10 (fictitiously<br>named) | : **VIA ECOURT FILING**<br>:<br>: **NOTICE OF FILING OF REMOVAL**<br>: **TO UNITED STATES**<br>: **DISTRICT COURT**<br>: |
| Defendants. |  |

      **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), by and through the undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-5426-21, to the United States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446(a-c), copies of which are attached hereto and made part hereof.

      **PLEASE TAKE FURTHER NOTICE**, that Defendants, Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), hereby file this Notice

and Petition with the Bergen County Clerk of the Superior Court of New Jersey, Law Division, in

accordance with 28 U.S.C. § 1446.


**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over
International, LLC (i/p/a as 4 Over International, Inc.)

By: /s/ Andrew J. Heck
       Andrew J. Heck.

Dated: August 12, 2022

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on behalf of Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), I caused the within Notice of Filing of Removal to be served via Electronic Filing, upon:

Clerk
New Jersey Superior Court
Bergen County Justice Center
10 Main St.
Hackensack, NJ 0760102

Marc. S. Borden, Esq.
Law Office of Brandon J. Broderick
65 East Route 4
River Edge, NJ 07661
Attorney for Plaintiff, Enma V. Taveras-Acosta

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)

By: <u>/s/ Andrew J. Heck</u>
        Andrew J. Heck

Dated: August 12, 2022

3

274311652v.1

# EXHIBIT A

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (AH9361)
Christopher W. McClanahan, Esq. (CM6972)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

### NEWARK

|  |  |  |
|---|---|---|
| ENMA V. TAVERAS-ACOSTA, | : | Civil Action No. |
|  | : | Hon. _____ |
|  | : |  |
| Plaintiff, | : | <u>Civil Action</u> |
| v. | : |  |
|  | : | **NOTICE OF REMOVAL OF A** |
| SAULEIDIS SUAREZ-CEBALLOS, 4 OVER | : | **CIVIL ACTION** |
| INTERNATIONAL INC., | : |  |
| PLYMOUTH ROCK ASSURANCE, JOHN | : |  |
| DOE 1-10 (fictitiously named), | : |  |
| and ABC Co. 1-10 (fictitiously | : |  |
| named) | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT

OF NEW JERSEY:

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Sauleidis

Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)  (hereinafter

"Defendants"), by and through the undersigned attorneys, Wilson Elser Moskowitz Edelman &

Dicker, LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior

Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-5426-21, to the United

States District Court for the District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C. § 1446 (a-c), copies of which are attached hereto and made part hereof, respectfully shows:

1.      Plaintiff, Enma V. Taveras-Acosta (hereinafter, "Plaintiff"), filed a Complaint on August 13, 2021, (the "Complaint"), commencing a personal injury action in the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-5426-21, entitled *Taveras-Acosta, v. Sauleidis Suarez-Ceballos, et al.*, (the "Action").  A true and correct copy of Plaintiff's Complaint is annexed hereto as **Exhibit A**.

2.      The Complaint named as defendants, Sauleidis Suarez-Ceballos, 4 Over International, LLC (i/p/a as 4 Over International, Inc.), and Plymouth Rock Assurance. (Exhibit A).

3.      The Action is alleged to arise out of a September 24, 2019 motor vehicle accident involving Plaintiff and Defendant Sauleidis Suarez-Ceballos, acting as an employee of Defendant 4 Over International, LLC (i/p/a as 4 Over International, Inc.), that caused Plaintiff to sustain "serious and permanent injuries" (Exhibit A).

4.      According to the Complaint, Plaintiff, Enma V. Taveras-Acosta, is a resident of the State of New Jersey (Exhibit A).

5.      Defendant, Plymouth Rock Assurance, is a Massachusetts corporation with principal places of business in Boston. Massachusetts and New Brunswick, New Jersey.

6.      Defendant, Sauleidis Suarez-Ceballos is an individual and a resident of the State of Florida.

7.      Defendant, 4 Over International, LLC (i/p/a as 4 Over International, Inc.) is a Florida Limited Liability Company with a principal place of business in Miami Gardens, Florida.

8.      An LLC is deemed a citizen of every state in which any member of the LLC is a citizen.

9.      Upon information and belief, no Member of 4 Over International, LLC is a citizen of the State of New Jersey

10.     Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

11.     Pursuant to 28 U.S.C. §1446(b)(3) states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12.     Pursuant to 28 U.S.C. §1446 (c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

13.     Originally, this matter was not removable, since Defendant, Plymouth Rock Assurance is considered a citizen of the State of New Jersey.

14.     The Complaint against Defendant, Plymouth Rock Assurance, was dismissed without prejudice on May 31, 2022.

15.     Defendants first received notice (through their counsel), on August 8, 2022, that the case against Defendant, Plymouth Rock Assurance, had been dismissed without prejudice on May 31, 2022, and that this case is one which had become removable.

16.     Defendant, Plymouth Rock Assurance, was dismissed with prejudice as of August 10, 2022.

17.     Defendants filed this Notice of Removal within thirty days of receiving notice that this case is one which had become filing this removable (28 U.S.C. §1446(b)(3)); and Defendants are filing this Notice of Removal within 1 year after commencement of the action (28 U.S.C. §1446 (c)).

18.     The Complaint as stated is deficient in that the pleaded entity, 4 Over International, Inc., has, upon information and belief, been dissolved for many years; accordingly, Defendant, 4 Over International, LLC, has yet to be properly served.

19.     Accordingly, this Notice of Removal is timely filed.

20.     Plaintiff alleges she sustained serious personal injuries, which are permanent in nature, "and has suffered great pain, shock, and mental anguish and was, and still is, incapacitated and will be permanently disabled, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment." (Exhibit A).

21.     Plaintiff's counsel has advised that the amount in controversy in this matter is in excess of $75,000.

22.     This action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) in that the matter in controversy is between citizens of different states and involves alleged damages in excess of $75,000.

23.     Defendants have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, to perfect the removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446(b) and (c).  A true and exact copy of the Notice of Filing, without exhibits, filed with the Superior Court of New Jersey is annexed hereto as **Exhibit B**.

**WHEREFORE**, Defendants pray that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Bergen County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)

By: /s/ Andrew J. Heck
      Andrew J. Heck. (AH9361)
      Andrew.Heck@wilsonelser.com

Dated: August 12, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), I caused the within Notice of Removal to be filed with the United States District Court on this date.

>Clerk, United States District Court
>District of New Jersey
>Martin Luther King Building & U.S. Courthouse
>50 Walnut Street
>Newark, New Jersey 07102

I further certify that a copy was sent via Electronic Filing to:

>Clerk
>New Jersey Superior Court
>Bergen County Justice Center
>10 Main St.
>Hackensack, NJ 0760102

>Marc. S. Borden, Esq.
>Law Office of Brandon J. Broderick
>65 East Route 4
>River Edge, NJ 07661
>Attorney for Plaintiff, Enma V. Taveras-Acosta

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
>Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over
>International, LLC (i/p/a as 4 Over International, Inc.)
>
>By: /s/ Andrew J. Heck
>         Andrew J. Heck. (AH9361)
>         Andrew.Heck@wilsonelser.com

Dated: August 12, 2022

# EXHIBIT A

BRANDON J. BRODERICK, ESQ
ATTORNEY I.D.# 009462006
BRANDON J. BRODERICK, LLC
65 East Route 4, First Floor
River Edge, NJ  07661
Attorney for Plaintiff(s)
201-853-1505

---

ENMA V. TAVERAS-ACOSTA,

                Plaintiff(s),

v.

SAULEIDIS SUAREZ-CEBALLOS, 4
OVER INTERNATIONAL INC.,
PLYMOUTH ROCK ASSURANCE, JOHN
DOE 1-10 (fictitiously named),
and ABC Co. 1-10 (fictitiously
named)

                Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY

DOCKET NO.   BER-L-

CIVIL ACTION

**COMPLAINT
and
JURY DEMAND**

---

The Plaintiff, Enma V. Taveras-Acosta, residing at 617 Ridge Road in the Township of Lyndhurst, Bergen County, New Jersey, by way of Complaint against the Defendants, says:

### FIRST COUNT

1.    On or about the 24th day of September 2019, the Plaintiff, Enma V. Taveras-Acosta, was injured in a motor vehicle accident traveling on Webster Street at or near the intersection of Bloomfield Avenue in the City of Newark, Essex County, New Jersey.

2.   At the above time and place, the Defendant, Sauleidis Suarez-Ceballos, address presently unknown, was operating a motor vehicle with the permission and consent, expressed or implied or in capacity as agent, servant or employee of the owner Defendant, 4 Over International Inc., traveling on Webster Street at or near the intersection of Bloomfield Avenue in the City of Newark, Essex County, New Jersey.

3.   At the above time and place, the Defendants so carelessly, negligently and recklessly owned, operated, maintained and/or repaired said vehicle so as to cause a collision with Plaintiff.

4.   At the same time and place, the Defendants, John Doe 1-10 (fictitiously named) and ABC Co. 1-10 (fictitiously named), their agents or assigns so carelessly, negligently and recklessly owned, operated, maintained and/or repaired said vehicle so as to cause the within collision.

5.   As a direct and proximate result of the foregoing, the Plaintiff, Enma V. Taveras-Acosta, was caused to sustain serious and permanent injuries, as more particularly defined and set forth in N.J.S.A. 39:6A-8(a) and has suffered great pain, shock, and mental anguish and was, and still is, incapacitated and will be permanently disabled, and has in the past and will in the future be caused to expend substantial sums of money for medical treatment.

6.   Plaintiff has complied with all conditions precedent to suit.

**WHEREFORE**, the Plaintiff, Enma V. Taveras-Acosta, demands judgment for damages against the Defendants, Sauleidis Suarez-Ceballos, 4 Over International Inc., JOHN DOE 1-10 (fictitiously named), and ABC Co. 1-10 (fictitiously named), jointly and severally, together with interest and costs of suit.

**SECOND COUNT**

1.   Plaintiff repeats and reiterates each and every allegation contained in the First Count of the Complaint as if the same were fully set forth herein at length.

2.   Defendants negligently hired, trained, supervised, and/or managed its agents, servants and/or employees, which negligence was a proximate cause of plaintiff's injuries.

3.    Defendants, through their agents, servants and/or employees contributed to plaintiff's injuries by failing to provide adequate security, failing to eliminate conditions that encourage criminal or other behavior that could foreseeably lead to bodily injury, and/or failed to warn of same.

**WHEREFORE,** Plaintiff, Enma V. Taveras-Acosta, demands judgment against the Defendants, Sauleidis Suarez-Ceballos, 4 Over International Inc., John Doe 1-10 (fictitiously named) and ABC Co. 1-10 (fictitiously named), jointly, severally or in the alternative, for damages, together with interest, costs of suit and attorney's fees.

<u>**THIRD COUNT**</u>

1.    Plaintiff repeats and reiterates each and every allegation contained in the First Count of the Complaint as if the same were fully set forth herein at length.

2.    On or about the 24th day of September 2019, the Plaintiff, Enma V. Taveras-Acosta, was injured in a motor vehicle accident traveling on Webster Street at or near the intersection of Bloomfield Avenue in the City of Newark, Essex County, New Jersey.

3.   Said injuries may have resulted from the negligence of uninsured vehicles, as defined as a vehicles with no insurance coverage or vehicles which were unidentified because they left the scene of the accident.

4.   The Defendant, Plymouth Rock Assurance, is and at all times material hereto was licensed and authorized to issue insurance contracts and/or policies in the State of New Jersey.

5.   Defendant, Plymouth Rock Assurance, has received proper written notice of the accident and the personal injuries sustained.

6.   Defendant, Plymouth Rock Assurance, has refused to pay or satisfy Plaintiff's claim for Uninsured Motorist Benefits to which she is entitled under the terms of the policy.

**WHEREFORE**, Plaintiff, Enma V. Taveras-Acosta, demands judgment against the Defendant, Plymouth Rock Assurance, for damages, interest, costs of suit and attorney's fees.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R.4:25-4, the Court is advised that Brandon J. Broderick, is hereby designated as trial counsel.

5

## JURY DEMAND

Plaintiff hereby demands a Trial by jury as to all issues herein.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to Uniform Interrogatories.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Demand is hereby made for the production of all documents referred to in the following Notice to Produce.

## NOTICE TO PRODUCE

Plaintiff hereby demands that all defendants provide the following documents:

1. All complete previous or current liability, catastrophe, umbrella or other insurance policies, including declarations sheets, which provide coverage to the Defendant(s) in this action;

2. Copies of any and all reports, letters, and statements from any expert regarding liability or damages in this matter;

3. Copies of any and all color photographs, drawings, or sketches regarding the accident scene or damage to the Defendant's vehicle and/or Plaintiff's vehicle;

4. Copies of any sketches, drawings, or diagrams of the accident scene;

5. Copies of all statements, summaries of statements, or notes or writings of any kind regarding statements made by any party to this action or any person having relevant knowledge pertaining to this action, INCLUDING THE STATEMENT OF THE DEFENDANT(S) TO THEIR INSURANCE CARRIER in accordance with Pfender v. Torres, 336 N.J. Super, 379 (App. Div. 2001);

6. Any motion picture or videotape regarding the accident scene or a re-enactment of the accident;

7. Copies of any statements that you intend to use as substantive evidence or to use as impeachment of any witness at trial;

8. Copies of all repair bills and estimates of damages to either the Plaintiff's or the Defendant's vehicle reflecting damage to same as a result of this accident;

9. Copies of any and all writings, including color photographs and sketches, you intend to introduce into evidence at trial;

10. Copies of all expert reports you intend to rely upon at trial, including copies of all IRS forms 1099 and W-2 reflecting payments made to said expert by defendant, defendant's attorney or defendant's insurer for services performed on behalf of defendants involved in litigation for 3 years prior to the date of any report prepared in connection with the above-captioned matter.

## TIME-UNIT ARGUMENT

Please take notice that pursuant to Rule 1:7-1, plaintiff reserves the right to use a time-unit argument with reference to unliquidated damages.

## DEMAND TO PRESERVE EVIDENCE

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.) an any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation, Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

BRANDON J. BRODERICK, LLC

Brandon J. Broderick, Esq.
Attorney for Plaintiff

Dated:   July 26, 2021

9

# EXHIBIT B

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Andrew J. Heck, Esq. (11802012)
Christopher W. McClanahan (No. 42331996)
200 Campus Drive
Florham Park, New Jersey 07932
T. (973) 624-0800
F. (973) 624-0808
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4
Over International, Inc.)

| | |
|---|---|
| ENMA V. TAVERAS-ACOSTA, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: BERGEN COUNTY |
| | : DOCKET NO: BER-L-5426-21 |
| Plaintiff, | : |
| v. | : Civil Action |
| | : |
| SAULEIDIS SUAREZ-CEBALLOS, 4 OVER | : VIA ECOURT FILING |
| INTERNATIONAL INC., | : |
| PLYMOUTH ROCK ASSURANCE, JOHN | : NOTICE OF FILING OF REMOVAL |
| DOE 1-10 (fictitiously named), | : TO UNITED STATES |
| and ABC Co. 1-10 (fictitiously | : DISTRICT COURT |
| named) | : |
| | |
| Defendants. | |

     **PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. § 1446(a), Defendants, Sauleidis

Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), by and through

the undersigned attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, on this date have

filed this Notice of Removal of a Civil Action from the Superior Court of New Jersey, Law

Division, Bergen County, Docket No. BER-L-5426-21, to the United States District Court for the

District of New Jersey, together with all process, pleadings, and Orders, as required by 28 U.S.C.

§ 1446(a-c), copies of which are attached hereto and made part hereof.

     **PLEASE TAKE FURTHER NOTICE**, that Defendants, Defendants, Sauleidis Suarez-

Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), hereby file this Notice

and Petition with the Bergen County Clerk of the Superior Court of New Jersey, Law Division, in

accordance with 28 U.S.C. § 1446.


        **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
        Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over
        International, LLC (i/p/a as 4 Over International, Inc.)

        By: /s/ Andrew J. Heck
             Andrew J. Heck.

Dated: August 12, 2022

2

## CERTIFICATE OF SERVICE

I hereby certify that on behalf of Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.), I caused the within Notice of Filing of Removal to be served via Electronic Filing, upon:

Clerk
New Jersey Superior Court
Bergen County Justice Center
10 Main St.
Hackensack, NJ 0760102

Marc. S. Borden, Esq.
Law Office of Brandon J. Broderick
65 East Route 4
River Edge, NJ 07661
Attorney for Plaintiff, Enma V. Taveras-Acosta

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Defendants, Sauleidis Suarez-Ceballos and 4 Over International, LLC (i/p/a as 4 Over International, Inc.)

By: /s/ Andrew J. Heck
      Andrew J. Heck

Dated: August 12, 2022

3

274311652v.1